**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

Tanya McNeal,  Case No. 1:11CV526

        Petitioner

v.  **ORDER**

State of Ohio,

        Respondent

This is a habeas corpus case in which, following referral to a United States Magistrate Judge for a Report and Recommendation, the petitioner has filed objections to the Magistrate Judge's recommendation that her petition be dismissed.

On *de novo* review of the petition, petitioner's objections and the respondent's response to the objections, I conclude that, as the Magistrate Judge recommended, the petition should be dismissed.

Petitioner was charged with and convicted in the Cuyahoga County, Ohio, Court of Common Pleas of acting as a drug courier for others involved in a drug transaction. On direct appeal, she asserted three assignments of error. She presented only one of those asserted errors (though breaking it into two parts) to the Ohio Supreme Court, which declined to accept her case for review.

Petitioner thereafter filed an application with the state appellate court to reopen her appeal to enable her to assert a claim of ineffectiveness of trial counsel. That court rejected her request on the basis of its untimeliness.

Petitioner next filed a motion for modification of sentence in the trial court. That court denied that motion.

Petitioner then filed her instant habeas corpus petition *pro se* in this court. She asserts four grounds for relief:

1. Prosecutorial misconduct: violation of Fourth Amendment chain of custody, avoiding presumption clause of innocence;

2. Violation of Sixth Amendment right of confrontation;

3. Ineffective assistance of counsel;

4. Fifth and Fourteenth Amendment right of due process.

(Doc. 1).

In the body of her objection to the Report and Recommendation, petitioner appears to be claiming actual innocence as an additional basis for relief.

Petitioner asserted none of these grounds on direct appeal. As the Magistrate Judge correctly noted, she is unable presently to exhaust her state remedies. She has not shown cause or prejudice for her failure to have raised her claims on direct appeal (or, with regard to her claim of ineffective assistance of counsel, in a timely and appropriate manner).

Petitioner seeks leave to exhaust state remedies and expand the record with an evidentiary hearing. As noted, she no longer can seek to exhaust state remedies. Her claims being precluded from review in this court due to her procedural defaults, there is no basis for expanding the record or holding an evidentiary hearing.

I conclude, accordingly, on the basis of *de novo* review, that the objections to the Magistrate Judge's Report and Recommendation are not well-taken.

It is, accordingly,

ORDERED THAT the Magistrate Judge's Report and Recommendation be, and the same hereby is adopted as the order of this court and that the petition for habeas corpus relief be, and the same hereby is denied.

Further, the Court certifies, pursuant to 28 U.S.C. 1951(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. 2253(c); Fed. R. App. P. 22(b).

So ordered.

/s/ James G. Carr
Sr. United States District Judge